THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARCUS SION,** | * | CIVIL ACTION NO.: |
| Plaintiff, | * | |
| | * | SECTION: |
| versus | * | |
| | * | JUDGE: |
| **MCLANE FOODSERVICE, INC.** | * | MAG. JUDGE: |
| Defendant. | * | |
| | * | JURY DEMAND |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Marcus Sion, who respectfully submits this Complaint and avers the following:

## PARTIES

1. Plaintiff, Marcus Sion (hereinafter "Mr. Sion" or "Plaintiff"), a person of the full age of majority, domiciled in Lafayette Parish, State of Louisiana.

2. Made Defendant is McLane Foodservice, Inc. (hereinafter "McLane" or "Defendant"), a Texas corporation registered to do business in and doing business in Louisiana, with a domicile address of 1999 Bryan Street, Suite 900, Dallas, Texas 75201, and a principal business establishment in Louisiana in the Parish of East Baton Rouge at 5615 Corporate Boulevard, Suite 400 B, Baton Rouge, Louisiana 70808.

## JURISDICTION & VENUE

3. This Court has jurisdiction over this proceeding under 28 U.S.C. § 1331, as Plaintiff's claims arise under the federal law. Additionally, the Court has jurisdiction over Plaintiff's

state law claims under 28 U.S.C. § 1367.  Venue is proper in the Western District of Louisiana, as a substantial part of the events or omissions giving rise to the claim occurred in this District or otherwise in accordance with 28 U.S.C. § 1391.

### **FACTS**

4.  Plaintiff was employed with McLane beginning in December of 2016 as a truck driver.

5.  On or about March 22, 2018, Plaintiff suffered an on-the-job accident in the course and scope of his employment with Defendant, as he fell off the delivery truck while making a delivery.

6.  In connection with his injury, Plaintiff filed a worker's compensation claim and was placed on light duty for approximately one month.

7.  Plaintiff was placed on light-duty work throughout April of 2018 and was paid his normal hourly rate.

8.  Plaintiff returned to work full-duty in approximately late April of 2018 or early May of 2018 but continued to suffer from pain caused by the March 22, 2018 injury.

9.  He was informed that he was overpaid during the month of April while on light-duty and was required to return the overpayment to Defendant, which he did.

10. On or about June 11, 2018, a medical exam indicated Plaintiff had a herniated disc, at which point Plaintiff's doctor recommended he go on light duty again.

11. Defendant was informed of the light duty request, and Plaintiff worked light duty as a Route Driver for approximately 2 weeks, beginning in June of 2018.

12. In July of 2018, Defendant transferred Plaintiff to another position, referred to by Defendant as a "re-employability assignment," in response to Plaintiff's light duty request and continued to pay him his same hourly rate as his full-duty position but allowed Plaintiff to work only 27 hours a week.

13. Plaintiff contacted the payroll department to confirm that his pay was correct, as he had to repay McLane for the light-duty work in April of 2018. Plaintiff was informed that he was being paid correctly.

14. During his assignment at the "re-employability assignment," Plaintiff informed his managers that he would need to take more time off for his injuries.

15. After approximately one month of working at the re-employability assignment. Defendant reduced Plaintiff's pay from $30 per hour to $15 per hour, despite Plaintiff's communication with the payroll department.

16. The timing of the pay decrease is proximal in timing with Plaintiff's communication that he would need additional time off related to his worker's compensation injury and claim.

17. On or about August 22, 2018, Plaintiff's doctor recommended additional treatment to reduce the ongoing pain that Plaintiff was experiencing and recommended taking a leave of absence from work for two (2) to three (3) weeks.

18. Upon the doctor's recommendation on or about August 22, 2018, Plaintiff informed his supervisor at the re-employability assignment via a phone call that he would not be returning to work until his doctor released him. A doctor's note was also sent to McLane regarding this request.

19. Plaintiff also informed his attorney who was handling his worker's compensation claim of the doctor's recommendation.

20. Upon information and belief that both Plaintiff's supervisor at the re-employability assignment and McLane, through McLane's worker's compensation insurance provider, were aware of his leave. Plaintiff stopped working on or about August 21, 2018.

21. Upon information and belief. Defendant was aware all communication between Defendant and Plaintiff should go through Plaintiff's worker's compensation attorney; however, on or about September 4, 2018 and September 5, 2018, Defendant attempted to communicate with Plaintiff by calling him but did not speak with Plaintiff on either occasion.

22. On or about September 5, 2018, Plaintiff sent a text message to his supervisor and a human resources employee of McLane reminding him that all communication was to go through his worker's compensation attorney, and Plaintiff provided Defendant with the appropriate contact information.

23. Plaintiff then received a termination letter from Defendant, dated September 14, 2018, indicating that "McLane has no choice but to assume you are no longer interested in remaining employed with the company as you have failed to show up to work since 8/17/18 or communicate about your employment status. Accordingly, your employment with McLane has ended effective the date of this letter."

24. Plaintiff's annual salary was approximately $60,000 annually with benefits.

**FAMILY MEDICAL LEAVE ACT**

25. All foregoing allegations are incorporated herein by reference.

26. Defendant is an "employer," and Plaintiff is a qualified "employee" for purposes of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*

27. Plaintiff was employed by Defendant for over twelve (12) months, having worked at least 1,250 hours in the twelve (12) months before taking leave.

28. Defendant employs at least fifty (50) employees within 75 miles of Plaintiff's worksite.

29. Defendant violated the FMLA's retaliation clause when Plaintiff attempted to take medical leave and Defendant refused to allow him to submit a medical leave authorization in violation of the FMLA.

30. After Plaintiff's injury, Plaintiff was placed in a light duty assignment and then attempted to take leave; however, he was not advised on his FMLA leave rights, rather he was discharged from his employer.

31. Upon information and belief, Defendant's reasons for discharge are known to be false.

32. Defendant is aware that Plaintiff requested time off and provided appropriate documentation.

33. Defendant also violated the FMLA's interference clause when Defendant interfered with and denied Plaintiff's exercise of his rights under the FMLA.

34. Plaintiff was entitled to leave under the FMLA based on his serious health condition that made him unable to perform his job with Defendant.

35. Plaintiff gave proper notice of his intention to take FMLA leave when Defendant was made aware of Plaintiff's on-the-job injury and his requests for extended leave.

36. Defendant interfered with and denied Plaintiff's benefits to which he is entitled under the FMLA by terminating Plaintiff's employment.

37. Plaintiff has been prejudiced by Defendant's actions of terminating Plaintiff's employment because Plaintiff has not received any income since being terminated.

38. Plaintiff is entitled to damages from Defendant under the FMLA, including:

    a. back pay, including wages and salary, overtime, and benefits;

    b. front pay;

    c. economic and other compensatory damages;

    d. pre-judgment interest; and

    e. attorney's fees and costs.

## RETALIATORY DISCHARGE

38. Defendant is an "employer," and Plaintiff is a qualified "employee" for purposes of the Labor and Worker's Compensation statute, La. Rev. Stat. § 23, *et seq.*

39. Plaintiff's employer retaliated against him for filing a worker's compensation claim for the injury sustained during the course and scope of employment.

40. La. Rev. Stat. § 23:1361 (C) provides that an employee who is discharged in a retaliatory manner after filing a worker's compensation claim may recover "a civil penalty which shall be the equivalent of the amount the employee would have earned but for the discrimination based upon the starting salary of the position sought or the earnings of the employee at the time of the discharge, as the case may be, but not more than one year's earnings, together with reasonable attorney's fees and court costs."

41. The timing of his termination was proximal in time with Plaintiff's claim for workers' compensation benefits. Additionally, Defendant's failure to communicate with Plaintiff's attorney is pretext to a retaliatory discharge for asserting a worker's compensation claim.

42. Plaintiff seeks all legal and equitable damages for Defendant's conduct including, but not limited to, the following:

   a. Loss of income;
   b. Loss of benefits;
   c. Civil penalties under La. Rev. Stat. § 23:1361;
   d. Attorney fees; and
   e. Court costs.

## PRAYER FOR RELIEF

Wherefore, your plaintiff, Marcus Sion, prays that Defendant, McLane Foodservice, Inc., be duly cited to appear and answer this Complaint, and that after just delays are had, that there be judgment herein in favor of Plaintiff and against Defendant, in such sums as are reasonable and just, together with all costs of this proceeding, and judicial interest from date of demand.

## JURY DEMAND

Plaintiff requests a trial by jury.


Respectfully submitted,

**SANGISETTY LAW FIRM, LLC**

/s/ Ravi Sangisetty
Ravi K. Sangisetty, BAR NO. 30709
Whitney Wilson, BAR NO. 38447
3914 Canal Street
New Orleans, Louisiana 70119

Telephone: 504-662-1016
Facsimile: 504-662-1318
ATTORNEYS FOR PLAINTIFF

**\*\*\*\*\*\*\*\*\*SERVICE WILL BE ACCOMPLISHED THROUGH WAIVER**